UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
JOSE E. LOPEZ, on behalf of himself and : Case No.:
all others similarly situated, and :
ROBERT BOECKMANN, individually, : COMPLAINT
 :
                        Plaintiffs, :
 :
        - against – :
 :
ZORN LANDSCAPING, INC., :
and PAUL J. ZORN, an individual, :
 :
                        Defendants. :
-----------------------------------------------------------------------X

Plaintiffs, JOSE E. LOPEZ, on behalf himself and all others similarly situated, and ROBERT BOECKMANN, individually, by and through their attorneys, SHULMAN KESSLER LLP, complaining of the defendants, allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action seeking monetary damages and affirmative relief based upon defendants' violations of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law (hereinafter referred to as "NYLL"), and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiffs also bring this action seeking unpaid prevailing wages, as plaintiffs performed work and furnished labor to defendants on publicly financed landscaping projects, but failed to receive the prevailing wages and benefits to which they were entitled.

## STATEMENT PURSUANT TO LOCAL RULE 9

3. For purposes of complying with Local Rule 9, plaintiffs state that they have no corporate parents, subsidiaries or affiliates and that there are no other interested parties.

1

**JURISDICTION & VENUE**

4. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. Defendants do business in the State of New York, within the Eastern District of New York, maintaining a place of business at 2100 Pond Road, Ronkonkoma, New York, 11779.

7. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

8. The plaintiff, JOSE E. LOPEZ, is a resident of the County of Suffolk, State of New York.

9. At all times relevant to the complaint, plaintiff, JOSE E. LOPEZ, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

10. That the plaintiff, JOSE E. LOPEZ, was employed by the defendants from on or about June 1, 1999 through on or about November 10, 2011.

11. That during the course of his employment with the defendants, the plaintiff, JOSE E. LOPEZ, was a laborer.

12. The plaintiff, ROBERT BOECKMANN, is a resident of the County of Suffolk, State of New York.

13. At all times relevant to the complaint, plaintiff, ROBERT BOECKMANN, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

14. That the plaintiff, ROBERT BOECKMANN, was employed by the defendants from 1980 through on or about June 21, 2007.

15. That during the course of his employment with the defendants, the plaintiff, ROBERT BOECKMANN, was a laborer.

16. Upon information and belief, defendant, ZORN LANDSCAPING, INC., was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

17. Upon information and belief, defendant, ZORN LANDSCAPING, INC.s principal place of business was and still is at 2100 Pond Road, Ronkonkoma, New York, 11779.

18. Upon information and belief, and at all times hereinafter mentioned, the defendant, ZORN LANDSCAPING, INC., was and still is engaged in the asphalt, masonry, and landscape construction business, including not limited to services such as asphalt seal coating, line striping, and irrigation installation.

19. Upon information and belief, the defendant, ZORN LANDSCAPING, INC., was and still is doing business as Zorn Landscaping.

20. At all times hereinafter mentioned, defendant, ZORN LANDSCAPING, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

21. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, owns and/or operates the defendant, ZORN LANDSCAPING, INC.

22. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, is the President of the defendant, ZORN LANDSCAPING, INC.

23. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, is the Vice-President of the defendant, ZORN LANDSCAPING, INC.

24. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, is a shareholder of the defendant, ZORN LANDSCAPING, INC.

25. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, is a corporate officer of the defendant, ZORN LANDSCAPING, INC.

26. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, is the Chief Executive Officer of the defendant, ZORN LANDSCAPING, INC.

27. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, is an agent of the defendant, ZORN LANDSCAPING, INC.

28. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, has the authority over personnel decisions for the defendant, ZORN LANDSCAPING, INC.

29. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, has the authority over payroll decisions for the defendant, ZORN LANDSCAPING, INC.

30. Upon information and belief, and at all times hereinafter mentioned, the defendant, PAUL J. ZORN, has the authority to hire and fire employees for the defendant,

ZORN LANDSCAPING, INC.

31. At all times hereinafter mentioned, the defendant, PAUL J. ZORN, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

32. At all times hereinafter mentioned, the activities of the defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

33. At all times hereinafter mentioned, defendants employed employees, including the plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s) (A)(i).

34. At all times hereinafter mentioned, defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

35. Plaintiff, JOSE E. LOPEZ, was an employee of the defendants, working under their direct supervision.

36. At all times hereinafter mentioned, plaintiff, JOSE E. LOPEZ, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

37. Plaintiff, JOSE E. LOPEZ, worked more than fifty-five (55) hours in most workweeks in which he was employed by the defendants.

38. Defendants failed to compensate the plaintiff, JOSE E. LOPEZ, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

39. Plaintiff, ROBERT BOECKMANN, was an employee of the defendants, working under their direct supervision.

40. At all times hereinafter mentioned, plaintiff, ROBERT BOECKMANN, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

41. Plaintiff, ROBERT BOECKMANN, worked more than fifty-five (55) hours in most workweeks in which he was employed by the defendants.

42. Defendants failed to compensate the plaintiff, ROBERT BOECKMANN, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

43. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records.

44. On numerous occasions, plaintiffs received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period.

45. Upon information and belief, defendants entered into certain contracts, as either a subcontractor or prime contractor, with certain governmental agencies ("public works contracts"), including but not limited to: Town of Brookhaven, Town of Smithtown, Town of Babylon, or with prime contractors not currently known, to furnish labor, material and equipment

to perform work on these public projects.

46. Upon information and belief, the public works contracts required that defendants pay and ensure payment of the prevailing rates of wages and supplement to all workers furnishing labor on the sites of the public works projects. Upon information and belief, the public works contracts also provided that any subcontracts that defendants entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects.

47. Upon information and belief, a schedule containing prevailing rates of wages and supplemental benefits ("prevailing wage schedule") to be paid to the plaintiffs was annexed to and formed a part of the public works contracts.

48. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts was made for the benefit of plaintiffs who furnished labor on the sites of the public works projects and, as such, the plaintiffs are the beneficiaries of that promise and the contracts entered into between defendants and government agencies, including but not limited to, the Town of Brookhaven, Town of Smithtown and the Town of Babylon.

49. In furtherance of the public works contracts entered into by defendants, plaintiffs performed various types of asphalt paving and landscape construction work.

50. For all work performed by plaintiffs at the public works project sites, defendants willfully paid plaintiffs less than the prevailing rates of wages and supplements to which they were entitled.

51. During the period of time for which plaintiffs performed work on the public works projects, defendants also failed to ensure payment of the prevailing rates of wages and

supplements to which plaintiffs and other members of the putative collective class were entitled.

52. Defendants failed to keep appropriate and accurate payroll and time records as required by federal and state law.

53. Defendants failed to post appropriate notices informing employees of federal and state laws regarding the requirement to pay overtime premium pay and prevailing wages to their employees.

## COLLECTIVE ACTION CLAIMS

54. Upon information and belief, there are approximately more than fourteen (14) current and former employees that are similarly situated to the plaintiff, JOSE E. LOPEZ, who have been denied overtime compensation. The named plaintiff is the representative of those other workers and is acting on behalf of the defendants' current and former employees' interests as well as his own interest in bringing this action.

55. Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All persons who give their consent, in writing, to become a party plaintiff and who are or have been employed, by the defendants, at any time during the three (3) years prior to the filing of their respective consent forms.

56. Similarly situated former and current employees are readily identifiable and locatable through use of the defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff, who have been unlawfully deprived of overtime pay, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by

the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF JOSE E. LOPEZ AND THE FLSA COLLECTIVE CLASS, FOR FAILURE TO PAY OVERTIME AN FLSA VIOLATION

57. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "56" of the Complaint, with the same force and effect, as if fully alleged herein.

58. Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate plaintiff for time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

59. The complete records concerning the number of hours worked by plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, plaintiff is unable to state at this time the exact amount due and owed to him.

60. The plaintiff has expressed his consent to make these claims against the defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit "A," annexed hereto).

61. As a consequence of the willful underpayment of wages, alleged above, plaintiff has incurred damages thereby and the defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS JOSE E. LOPEZ AND ROBERT BOECKMANN, FOR FAILURE TO PAY OVERTIME A NEW YORK LABOR LAW VIOLATION

62. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "61" of the Complaint, with the same force and effect, as if fully alleged herein.

63. Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of NYLL.

64. The complete records concerning the number of hours worked by the plaintiffs, as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owed to them

65. By the course of conduct set forth above, defendants have violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. §142-2.2.

66. At all times herein mentioned, defendants had a policy and practice of refusing to pay overtime compensation to the plaintiffs.

67. Defendants' failure to pay overtime compensation to plaintiffs was willful within the meaning of NYLL §§ 198 and 663.

68. As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief from the defendants' unlawful and willful conduct as the Court deems just and proper.

69. Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendants as provided by the NYLL.

### AS FOR THE THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS JOSE E. LOPEZ AND ROBERT BOECKMANN FOR BREACH OF CONTRACT PREVAILING WAGES

70. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "69" of the Complaint, with the same force and effect, as if fully alleged herein.

71. Upon information and belief, the public works contracts entered into by defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid to plaintiffs.

72. Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of the plaintiffs.

73. Defendants breached the public works contracts by failing to pay plaintiffs the prevailing rates of wages and supplemental benefits for all labor they performed upon the public works projects.

74. As a result of its breach of the public works contracts, defendants are liable to plaintiffs in an amount to be determined by the Court.

### AS FOR THE FOURTH CAUSE OF ACTION (PLED IN THE ALTERNATIVE) ON BEHALF OF PLAINTIFFS JOSE E. LOPEZ AND ROBERT BOECKMANN FOR UNJUST ENRICHMENT

75. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "74" of the Complaint, with the same force and effect, as if fully alleged herein.

76. Plaintiffs have performed numerous and valuable services at the request and for the benefit of defendants, on various public works projects.

77. Upon information and belief, when defendants entered into the public works contracts, they agreed to pay the required prevailing wage, overtime and supplemental benefit rates to plaintiffs.

78. Upon information and belief, defendants billed the public employer for labor performed by plaintiffs at the higher prevailing, overtime, and supplemental benefit rates, which defendants failed to pay to plaintiffs.

79. As a consequence of said failure, defendants were unjustly enriched for work and services performed by plaintiffs in an amount which will be determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff JOSE E. LOPEZ on behalf of himself and the FLSA Collective Class, respectfully requests that he be awarded the following relief, on the first cause of action:

a. Judgment against defendants for plaintiffs' unpaid back wages at the applicable overtime rate;

b. An equal amount to the overtime wage damages as liquidated damages;

c. Judgment against defendants that their FLSA violations were willful;

d. To the extent liquidated damages are not awarded, an award of prejudgment interest;

e. All costs and attorneys' fees incurred prosecuting these claims; and

f. For such further relief as the Court deems just and equitable.

WHEREFORE, plaintiffs pray for the following relief as follows, on the second cause of action:

a. Judgment against defendants for an amount equal to plaintiffs' unpaid back wages at the applicable overtime rate;

b. Liquidated damages at the applicable rate;

c.  All costs and attorneys' fees incurred in prosecuting these claims; and

d.  For further relief as this Court deems just and equitable.

WHEREFORE, plaintiffs pray for the following relief as follows, on the third cause of action:

a.  Judgment against defendants for breach of contract, in an amount to be determined by the Court;

b.  All costs and attorneys' fees incurred in prosecuting these claims; and

c.  For further relief as this Court deems just and equitable.

WHEREFORE, plaintiffs pray for the following relief as follows, on the fourth cause of action:

a.  Judgment against defendants for unjust enrichment, in an amount to be determined by the Court;

b.  All costs and attorneys' fees incurred in prosecuting these claims; and

c.  For further relief as this Court deems just and equitable.

Dated:  Melville, New York
       October 30, 2012

                **SHULMAN KESSLER LLP**

                By:  /s/ Troy L. Kessler
                     Troy L. Kessler
                     Ilan Weiser
                510 Broadhollow Road, Suite 110
                Melville, New York 11747
                Telephone: (631) 499-9100

                *Attorneys for Plaintiffs and the*
                *Putative Collective Class*